STEVEN N. RICHMAN, State Bar No. 101267
CHRISTOPHER R. NELSON, State Bar No. 242859
KIMIA SEHATI, State Bar No. 279211
**EPPORT, RICHMAN & ROBBINS, LLP**
1875 Century Park East, Suite 800
Los Angeles, California  90067-2512
Telephone:    (310) 785-0885
Facsimile:    (310) 785-0787
E-Mail:    *srichman@erlaw.com*
          *cnelson@erlaw.com*
          *ksehati@erlaw.com*

Attorneys for Chapter 7 Trustee Wesley H. Avery

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ASSI SUPER, INC.,<br><br>　　　　Debtor.<br>_____<br><br>WESLEY H. AVERY, CHAPTER 7 TRUSTEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MJ PARTNERS, INC., a California corporation,<br><br>　　　　Defendant. | CASE NO. 2:14-bk-31356-ER<br><br>Chapter 7<br><br>ADV. NO. _____<br><br>**COMPLAINT TO (1) AVOIDANCE OF PREFERENTIAL TRANSFERS; AND (2) RECOVERY OF AVOIDED TRANSFERS, OR THE VALUE THEREOF PURSUANT TO 11 U.S.C. §§ 547(b), 548(a), 550 AND 502** |

Plaintiff Wesley H. Avery, duly appointed Chapter 7 trustee in the Assi Super, Inc. bankruptcy case (the "Trustee" or "Plaintiff"), alleges as follows:

1.    This is an adversary proceeding brought pursuant to Part VII of the Federal Rules of Bankruptcy Procedure to recover certain transfers made by the Debtor, Assi Super, Inc. ("Debtor") to MJ Partners, Inc. ("Defendant") and related relief.  The Trustee seeks entry of a judgment avoiding the transfers at issue pursuant to 11 U.S.C. §§ 547 and/or 548 and recovering the transfers pursuant to 11 U.S.C. §§ 550, and disallowing any claim of the Defendant including

claims pursuant to 11 U.S.C. § 502(d) until Defendant pays the transfers at issue in full to Plaintiff.

2.     To the extent Defendant has filed a proof of claim or has a claim listed on Debtor's schedules as disputed, liquidated and non-contingent, or has otherwise requested payment from Debtor (collectively, the "Claims"), this Complaint is not intended to be, nor should it be construed as, a waiver of the Plaintiff's right to object to such Claims for any reason, including, but not limited to Section 502(a) through (j) of Bankruptcy Code ("Section 502"), and such rights are expressly reserved. Notwithstanding the reservation of rights set forth above, certain relief pursuant to Section 502 is sought by Plaintiff herein as further stated below.

3.     Plaintiff also reserves the right to bring additional claims for relief including additional avoidance actions against Defendant. This Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to bring such additional claims for relief against Defendant in this action or by way of separate action.

## JURISDICTION AND VENUE

4.     The within bankruptcy case was commenced on or about November 14, 2014 ("The Petition Date"), when an involuntary petition was filed for relief under Chapter 7 of the United States Code (the "Code"), Bankruptcy Case No. 14-bk-31356. On or about December 18, 2014, Plaintiff Wesley Avery was appointed the Chapter 7 Trustee. Plaintiff is the duly appointed, qualified and acting Chapter 7 Trustee for the Debtor's bankruptcy estate.

5.     This Court has jurisdiction over the adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

6.     This action is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001.

7.     This action is a code proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (E), (F) and (O).

## THE PARTIES

8.     Plaintiff brings this action solely in his capacity as the Chapter 11 Trustee for the Debtor's estate.

10716 - Complaint - MJ Partners.doc        2

9. Plaintiff is informed and believes, and thereon alleges that Defendant MJ Partners, Inc., is, and at all times mentioned herein, was an individual residing in the State of California.

## GENERAL ALLEGATIONS

10. Plaintiff is informed and believes, and based thereon alleges that prior to the Petition Date, the Debtor had been in business for approximately 17 years. Debtor ran a supermarket, named Assi Super, and located at 3525 West 8th Street, Los Angeles, California 90005.

11. On or about November 14, 2014 an involuntary Chapter 7 Bankruptcy petition was filed against Assi Super, and Plaintiff Wesley Avery was thereafter appointed the Chapter 7 Trustee.

12. Section 101(54) of the Code applicable to this case defines the term "transfer" as "(A) the creation of a lien; (B) the retention of title as a security interest; (C) the foreclosure of a debtor's equity of redemption; or (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with (i) property; or (ii) an interest in property."

13. Plaintiff is informed and believes and thereon alleges that beginning on or about August 19, 2014 and prior to the Petition Date, Debtor made a series of transfers to Defendant in the amount of $30,625 (the "Transfers").

## FIRST CLAIM FOR RELIEF

### [To Avoid and Recover Preferential Transfers]

### [11 U.S.C. §§ 547 and 550]

14. Plaintiff refers to and, by this reference, incorporates and alleges herein, each and all of the allegations set forth in Paragraphs 1 through 13 inclusive, of this Complaint.

15. Plaintiff is informed and believes, and based thereon alleges, that the Transfers each constituted a transfer of property of the Debtor to the Defendant. Plaintiff further is informed and believes, and based thereon alleges, that the Transfers each constitute a "transfer," within the meaning of Section 101(54) of the Code, made within ninety (90) days prior to the Petition Date.

16. Plaintiff is informed and believes, and based thereon alleges, that the Transfers were made to or for the benefit of Defendant as a creditor of the Debtor.

17. Plaintiff is informed and believes, and based thereon alleges, that the Transfers were made for or on account of an antecedent debt owing by the Debtor to the Defendant before the Transfer was made.

18. Plaintiff is informed and believes, and based thereon alleges, that the Debtor made the Transfers while the Debtor was insolvent.

19. Plaintiff is informed and believes, and based thereon alleges, that the Transfers enabled the Defendant, as a creditor, to receive more than it would have received if the Transfers had not been made and Defendant was to receive payment on its claim only to the extent provided by Chapter 7 of the Code.

20. For the foregoing reasons, pursuant to Section 547(b) of the Code, Plaintiff may avoid the Transfers.

21. Furthermore, pursuant to Section 550 of the Code, Plaintiff may recover from the Defendant the value of the property transferred under the Transfers, plus interest thereon at the maximum legal rate from and after the dates of the Transfers, in a sum according to proof, which Plaintiff believes not to be less than $30,625.

### SECOND CLAIM FOR RELIEF
**[To Avoid and Recover Preferential Transfers]**
**[11 U.S.C. §§ 548 and 550]**

22. Plaintiff pleads this Second Claim for Relief in the alternative and repeats, reiterates and realleges each and every allegation contained in paragraphs 1 – 22 hereof with the same force and effect as if fully set forth herein at length. Plaintiff brings the Second Claim for Relief in the event that Defendant asserts that the Transfers were not made on account of antecedent debt.

23. The Transfers constituted a transfer of an interest of the Debtor in property.

24. The Debtor: (i) was insolvent on the date that the Transfers were made, or became

1  insolvent as a result of such Transfers; (ii) was engaged in the business or a transaction, or was

2  about to engage in business or a transaction, for which any property remaining with the Debtor

3  was an unreasonably small capital; or (iii) intended to incur, or believes that it would incur, debts

4  that would be beyond the Debtor's ability to pay as such debts matured.

5      25.    As a result of the foregoing, Plaintiff demands the entry of a judgment avoiding the

6  Transfers pursuant to Section 548 of the Code.

7      26.    Furthermore, pursuant to Section 550 of the Code, Plaintiff may recover from the

8  Defendant the value of the property transferred under the Transfers, plus interest thereon at the

9  maximum legal rate from and after the dates of the Transfer, in a sum according to proof, which

10 Plaintiff believes not to be less than $30,625.

### THIRD CLAIM FOR RELIEF

### [Claim Disallowance]

### [11 U.S.C. § 502]

27.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 – 27 hereof with the same force and effect as if fully set forth herein at length.

28.  Defendant is a transferee of the Transfers available under ether Section 547 or Section 548 of the Code and an entity from whom property is recoverable under Section 550 of the Code.

29.  Defendant has not paid the amount of the Transfers for which Defendant is liable under Section 550 of the Bankruptcy Code.

30.  Pursuant to 11 U.S.C. § 502(d), any and all Claims of the Defendant against the Plaintiff and/or Debtor's estates must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Transfers, plus interest thereon and costs.

31.  Pursuant to 11 U.S.C. § 502(j), any and all Claims of the Defendant, and/or its assignee, against the Plaintiff and/or Debtor's estates previously allowed by the Debtor of the Plaintiff, must be reconsidered and disallowed until such time as the Defendant pays to the Plaintiff an amount equal to the aggregate amount of the Transfers, plus interest thereon and costs.

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787

10716 - Complaint - MJ Partners.doc     5

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for judgment against the Defendant as follows:

1.    For a judgment that the Transfers are avoidable as preferential transfers under 11 U.S.C. § 547 and that recovery therefore be awarded pursuant to 11 U.S.C. § 550(a), in an amount of not less than $30,625, the exact amount to be proven at trial, plus interest at the legal rater from the date of the Tranfer;

2.    For a judgment that the Transfers are avoidable under 11 U.S.C. § 548 and that recover therefore be awarded pursuant to 11 U.S.C. § 550(a), in an amount of not less than $30,625, the exact amount to be proven at trial, plus interest at the legal rate from the date of the Transfer;

3.    Disallowing Defendant's Claims against the Debtor;

4.    For costs of suit incurred herein; and

5.    For such other relief as the Court deems just and proper.

DATED: August 18, 2016        EPPORT, RICHMAN & ROBBINS, LLP

By:     /s/
CHRISTOPHER R. NELSON
Attorneys for Chapter 7 Trustee Wesley H. Avery

EPPORT, RICHMAN & ROBBINS, LLP
1875 CENTURY PARK EAST, SUITE 800
LOS ANGELES, CALIFORNIA 90067-2512
TELEPHONE (310) 785-0885 • FACSIMILE (310) 785-0787